# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5258 | **DATE** | 1/14/13 |
| **CASE TITLE** | U.S. ex rel. Lazaro Gutierrez (#R-57154) v. Randy Pfister | | |

**DOCKET ENTRY TEXT:**

On November 1, 2012, Petitioner was ordered to pay the statutory filing fee in this case within 7 days, or risk dismissal. When no payment was received, the Court dismissed the petition on November 14, 2012. Petitioner submitted proof of payment in the form of his prison trust fund statement which indicates that payment was withdrawn from his account on October 22, 2012. Although the Clerk's office has not received the payment, the Court will allow petitioner to proceed. The Clerk's office is ordered to reopen this case. Respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. Petitioner's motion for appointment of counsel [#4] is denied as premature.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

  Lazaro Gutierrez, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006, Cook County, Illinois conviction for first degree murder (95 CR 9992(01)) on the grounds of ineffective assistance of counsel and due process violations, among others.

  Petitioner was ordered to pay the statutory filing fee in this case within seven days on November 1, 2012. When no payment was received, the Court dismissed this action on November 14, 2012. Petitioner submitted proof of payment on December 21, 2012, in the form of a copy of his prison trust account statement, indicating that the filing fee was withdrawn from his account on October 22, 2012. The docket still reflects no payment, but on the weight of evidence provided by Petitioner, the Court orders this case reopened and allows Petitioner to proceed. Accordingly, Respondent is ordered to answer the petition or otherwise plead within thirty days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

  Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any Court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.
**(CONTINUED)**

AWL

**STATEMENT (continued)**

Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.

On the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, Petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper party.